UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNATHAN MURPHY,

    Plaintiff,

v.                                          Case No.: _____

GOLDRING GULF
DISTRIBUTING CO. LLC,

    Defendant.

_____/

**INITIAL COMPLAINT**

COMES NOW the plaintiff, Johnathan Murphy, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, Goldring Gulf Distributing Co., LLC, and alleges:

*I. Jurisdiction and Venue*

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.* This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district;

all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## II.  Parties

3. At all times relevant hereto, plaintiff, Johnathan Murphy (hereinafter at times "Murphy"), was an employee of defendant.

4. At all times relevant hereto, defendant Goldring Gulf Distributing Co., LLC (hereinafter at times "Goldring") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Indeed, plaintiff's performance of work for defendant involved his handling of materials and goods  (e.g., various domestic and imported alcoholic and non-alcoholic beverages) that had moved in interstate commerce at some point and transporting them to various commercial locations in North Florida for resale to the general public.  Defendant is subject to, and not exempt from, the FLSA.

## III.  Factual Allegations

6. Murphy began working for Goldring as a delivery driver based in its facility located in Milton, Florida in or around early January 2024.  At all times

material hereto thereafter, Murphy was employed by defendant.

7. Moreover, at all times material hereto Murphy was an "employee" of Goldring within the meaning of the FLSA.

8. Additionally, at all times material hereto Goldring was an "employer" of Murphy within the meaning of the FLSA.

9. During Murphy's employment with defendant, he was paid a salary for his labor as well as a bonus in the event he met certain benchmarks based upon attendance. As part of his compensation package with Goldring, he also accrued sick leave and vacation time.

10. During his employment with Goldring, Murphy routinely worked in excess of 40 hours per week.

11. Although Murphy clocked-in and clocked-out of work and his employer knew he was routinely working more than 40 hours, Goldring never paid him additional compensation for his overtime hours.

12. Beginning on or about April 1, 2024, Goldring changed its timekeeping system. Perhaps due to technical difficulties associated with the system change, Murphy was unable to clock-in and clock-out of Goldring's new timekeeping system.

13. Nevertheless, Murphy continued to work for Goldring, it continued to

permit him to work, and it continued to pay him his flat salary (plus bonus when earned) when he worked in excess of 40 hours in a week.

14. On April 22, 2024 Murphy worked for defendant, making various deliveries on its behalf.

15. The following day, Murphy advised his employer that he was sick and would need to take his accrued sick and vacation time.

16. Murphy remained an employee of Goldring until on or about April 29, 2024.

17. Despite Murphy's demand, Goldring refused to compensate him for his labor on Monday, April 22, and it refused to pay him for the three sick and vacation days he had accrued and elected to take.

### IV. Violation of Fair Labor Standards Act
### (Overtime)

18. Plaintiff realleges and incorporates herein paragraphs 1 through 13, above.

19. Defendant is subject to, and not exempt from, the provisions of the FLSA.

20. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA

which were applicable to plaintiff.

21. Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it to pay plaintiff's overtime wages when he worked in excess of forty (40) hours in a workweek.

22. Nevertheless, defendant failed and refused to properly compensate plaintiff and pay him overtime wages as owed. Such conduct of defendant constituted a violation of the FLSA, as well as an intentional violation thereof.

23. As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for his overtime labor at the legally required rate.

24. Moreover, plaintiff has had to retain an attorney in order to collect the legally required overtime wages owed to him by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which he may be entitled.

### *VI.  Count II - Unpaid Wages*

25. Plaintiff realleges and incorporates herein paragraphs 1 through 9, 12, and 14 through 17, above.

26. Defendant failed to pay plaintiff for all of his hours worked, as well

as the leave time which he had accrued and elected to take.

27. Defendant therefore failed to compensate plaintiff for his work as the parties had agreed.

28. Plaintiff has been required to hire an attorney to assist him with obtaining the wages and benefits which are owed to him.

WHEREFORE, plaintiffs demands judgment against Defendant for unpaid wages and benefits, interest (including pre-judgment interest), costs, attorneys' fees and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number: 932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net